1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | |
|---|---|
| MARIAM GEER, | ) Case No. EDCV 09-163-DTB |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OPINION; AND |
| | ) ORDER THEREON |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

17
18
19
20
21

    Plaintiff filed a complaint ("Complaint") on March 16, 2009, seeking review
of the Commissioner's denial of her application for supplemental security income
("SSI") benefits.  Now pending before the Court is the parties' Joint Stipulation (Joint
Stip.").  This Memorandum Opinion shall constitute the Court's findings of fact and
conclusions of law.

22
23

**DISPUTED ISSUES**

24
25

    As reflected in the parties' Joint Stipulation, the disputed issues herein are as
follows:

26
27
28

    1.    Whether the Administrative Law Judge ("ALJ") properly determined at
Step Two of the Commissioner's sequential evaluation process that plaintiff's obesity
was not a "severe" impairment.

1

2.    Whether the ALJ properly rejected the opinion of plaintiff's treating physician.

3.    Whether the ALJ erred in failing to consider the side effects of plaintiff's medications.

4.    Whether the ALJ properly presented a complete hypothetical question to the vocational expert.

5.    Whether the ALJ properly determined that plaintiff was capable of performing alternative work as a ticket checker and telephone quotation clerk.

## DISCUSSION

## I.    Reversal is not warranted based on the ALJ's finding of non-severity at Step Two with regard to plaintiff's obesity.

Plaintiff, who is 67" tall and weighs about 204 pounds (AR 684, 687) and was described by one neurologist as "morbidly obese" (AR 774), argues that the ALJ erred when he failed to find that her obesity constitutes a severe impairment.  (Joint Stip. at 3-5, 7.)  However, plaintiff never raised the issue of obesity in her application, the reports she filled out and submitted to the Agency in support of her application, or in her testimony before the ALJ.  Further, a fair reading of the record suggests that plaintiff's weight had no impact on her ability to work.  There is not a single medical opinion finding that plaintiff's weight caused or complicated any of her alleged impairments.  Moreover, plaintiff never complained to any of her physicians that her weight was impairing her physical capabilities.

If plaintiff believed that her obesity constituted a severe impairment, she should have expressed such a disability, and placed the matter before the ALJ.  This is particularly true where there is no evidence in the record that her weight interfered with her ability to work; where she never raised the issue; and where she was represented by counsel at the hearing, who also did not raise the issue during the hearing.  See, e.g., Sanchez v. Secretary of Health and Human Services, 812 F.2d 509,

1    511-12 (9th Cir. 1987) (denying request for remand to address impairment overlooked
2    by ALJ even though some evidence of it existed in the record where claimant,
3    represented by counsel, failed to raise impairment in administrative hearing, where
4    impairment "was not significantly at issue at the hearing," and where claimant offered
5    no explanation for his failure to press the claim at or before the hearing).

6

7    **II.    Reversal is not warranted based on the ALJ's alleged failure to properly**
8            **credit the treating physician's opinion.**

9        Plaintiff further argues that the ALJ erroneously rejected the findings of
10   plaintiff's treating physician, Edwin H. Pasuhuk.  (Joint Stip. at 7-10, 12.)

11       "By rule, the Social Security Administration favors the opinion of a treating
12   physician over non-treating physicians." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir.
13   2007); see also Aukland v. Massanari, 257 F.3d 1033, 1037 (9th Cir. 2001); Smolen
14   v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  A treating physician's opinion as to
15   the nature and severity of an impairment must be given controlling weight if the
16   opinion is well supported and not inconsistent with other substantial evidence.  SSR
17   96-2p; Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001).  Even where the
18   treating physician's opinion is contradicted by other medical evidence in the record,
19   that opinion is entitled to deference unless there are specific and legitimate reasons,
20   supported by substantial evidence in the record, for rejecting it.  Rollins v. Massanari,
21   261 F.3d 853, 856 (9th Cir. 2001).  Furthermore, "[w]here an examining physician
22   relies upon the same clinical findings as a treating physician, but differs only in his
23   or her conclusions, the conclusions of the examining physician are not 'substantial
24   evidence.'"  Orn, 495 F.3d at 632.

25       In his decision, the ALJ noted that Dr. Pasuhuk concluded that plaintiff's
26   physical impairments "are of a severity as to preclude work activities."  (AR 24.)
27   However, the ALJ gave the treating physician's opinions less weight because, among
28   other reasons, "the doctor apparently relied quite heavily on the subjective report of

3

1    symptoms and limitations provided by the [plaintiff], and seemed to uncritically
2    accept as true most, if not all, of what the [plaintiff] reported."  (AR 24.)

3         A review of the record reveals that Dr. Pasuhuk's opinion was based almost
4    exclusively on plaintiff's own account of her limitations, not on any objective physical
5    findings.  Significantly, while there is strong medical evidence that plaintiff suffered
6    from significant impairments of her spine prior to back surgery in 1997 (AR 346, 347,
7    537, 539-40, 541-42, 543), the more recent medical evidence shows less severe
8    findings (AR 206, 221, 238, 271-75, 317, 323, 336-37, 339, 579, 580, 584, 702, 754-
9    64; but see 268-69, 544, 545, 577, 583, 588, 590, 592).  It thus appears that Dr.
10   Pasuhuk's findings are based almost exclusively on plaintiff's subjective complaints.
11   Where a treating physician's opinion is "premised . . . upon the claimant's own
12   accounts of his symptoms and limitations," it may properly be disregarded where
13   those subjective complaints have been properly discounted.  Morgan v. Commissioner
14   of Social Security Administration, 169 F.3d 595, 602 (9th Cir. 1999) (affirming ALJ's
15   rejection of treating physicians' unsupported and inconsistent opinions that relied on
16   claimant's own testimony); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.
17   2002) (rejecting physician's opinion in part because it was based on claimant's
18   subjective complaints, not on new objective findings).  The ALJ considered plaintiff's
19   subjective allegations of impairment and gave a number of reasons why those
20   allegations were not credible to the extent they exceeded the objective medical
21   findings.  (AR 25-26.)  The ALJ's credibility determination is not challenged by
22   plaintiff here; consequently, plaintiff's subjective complaints must be deemed
23   properly discounted, and the ALJ did not err in rejecting Dr. Pasuhuk's opinion for
24   that reason.
25   / / /
26   / / /
27   / / /
28   / / /

4

1   **III.    Reversal is not warranted based on the ALJ's alleged failure to properly**
2   **consider the side effects of plaintiff's medications.**

3   Next, plaintiff faults the ALJ for not adequately considering her complaints of
4   side effects from medication. (Joint Stip. at 12-14.) Plaintiff relies on her complaints
5   at the hearing before the ALJ that she experiences headaches and pain in her
6   shoulders, lower back, and upper thigh area. (Joint Stip. at 13.)[1]

7   An ALJ must consider all factors that might have a significant impact on an
8   individual's ability to work, including the side effects of medication. Erickson v.
9   Shalala, 9 F.3d 813, 817-18 (9th Cir. 1993). When a plaintiff testifies about
10  experiencing a known side effect associated with a particular medication, the ALJ may
11  disregard the testimony only if he "support[s] that decision with specific findings
12  similar to those required for excess pain testimony." Varney v. Sec'y of Health and
13  Human Servs., 846 F.2d 581, 585(9th Cir. 1988), relief modified, 859 F.2d 1396 (9th
14  Cir. 1988). Moreover, side effects not "severe enough to affect [plaintiff's] ability to
15  work" are properly excluded from consideration. Osenbrock v. Apfel, 240 F.3d 1157,
16  1164 (9th Cir. 2001). Ultimately, a plaintiff bears the burden of demonstrating that
17  her use of medications caused a disabling impairment. See Miller v. Heckler, 770
18  F.2d 845, 849 (9th Cir. 1985) (plaintiff failed to meet burden of proving medication
19  impaired his ability to work because he produced no clinical evidence).

20  Plaintiff did complain to the ALJ about headaches and pain in her shoulders,
21  lower back, and upper thigh. However, plaintiff did not attribute this pain to her
22  medications. Rather, plaintiff explained that her headaches were caused by stress and

23  _____

24  [1]    Plaintiff also stated in her application materials, that Vioxx caused
25  fatigue, Zoloft caused weight gain, and Darvocet and Allegra caused difficulty
    urinating. (AR 89, 492.) However, based on the medications listed in the Joint
26  Stipulation, it appears that plaintiff is no longer taking either of these medications.
    (Joint Stip. at 13.) In addition, she complained at the hearing before the ALJ that she
27  had taken anti-inflammatory medication and muscle relaxers that made her clumsy.
28  However, she stated that she discontinued these medications. (AR 847-48.)

5

1   that her other pain was caused by her physical impairments. (AR 346-47.) In fact, the

2   only side effect plaintiff complained of with respect to a medication that she was

3   currently using was fatigue from her headache medication.  (AR 852.)  The ALJ

4   clearly and adequately addressed this alleged side effect when he found that

5   "[plaintiff's] own statement clearly shows such a side effect would not impose any

6   risk on her ability to work since she reported she takes it, Nortriptyline, once daily <u>at</u>

7   <u>night</u> for headaches."  (AR 26.)

8

9   **IV.    Reversal is not warranted based on the ALJ's alleged failure to pose a**

10         **complete hypothetical question to the vocation expert.**

11         Plaintiff asserts that the ALJ failed to pose a complete hypothetical question to

12   the vocational expert because the hypothetical did not include all the limitations

13   prescribed by plaintiff's treating physician. (Joint Stip. at 16.)

14         A hypothetical question posed to a vocational expert must be "based on medical

15   assumptions supported by substantial evidence in the record that reflects each of the

16   claimant's limitations." <u>Osenbrock</u>, 240 F.3d at1163-64, citing <u>Roberts v. Shalala</u>, 66

17   F.3d 179, 184 (9th Cir. 1995).   An ALJ may accept or reject restrictions in a

18   hypothetical question that are not supported by substantial evidence. <u>Osenbrock</u>, 240

19   F.3d at 1164-65.  Reliance on a hypothetical that fails to include all accepted

20   limitations is insufficient to carry the agency's burden of proving ability to engage in

21   alternative work. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1044 (9th Cir.1995) (remanding

22   case to the agency to determine vocational ability based on a hypothetical that

23   accurately reflected the Residual Function Capacity).  Although a hypothetical should

24   include subjective complaints, it need not include complaints which were rejected

25   with a statement of reasons supported in the record.   <u>Light v. Social Security</u>

26   <u>Administration</u>, 119 F.3d 789, 793 (9th Cir.1997).

27   / / /

28   / / /

6

1   As explained above, the ALJ properly rejected the findings of Dr. Pasuhuk.
2   Accordingly, the ALJ was not under a duty to include the limitations recommended
3   by Dr. Pasuhuk in the hypothetical question to the vocational expert.

4

5   **V.    Reversal is not warranted based on the ALJ's finding that plaintiff can**
6           **perform alternative work as a pari-mutuel ticket checker and telephone**
7           **quotation clerk.**

8           Plaintiff contends that the ALJ erred in finding that plaintiff can perform work
9   as a pari-mutuel ticket checker and telephone quotation clerk because these jobs
10  require a Reasoning Level 3 while the ALJ limited plaintiff to simple, repetitive tasks.
11  (Joint Stip. at 18-20, 21.)

12          A job's reasoning level "gauges the minimal ability a worker needs to complete
13  the job's tasks themselves." Meissl v. Barnhart, 403 F.Supp.2d 981, 983 (C.D.Cal.
14  2005).   Reasoning development is one of three divisions comprising the General
15  Educational Development ("GED") Scale. Dictionary of Occupational Titles ("DOT")
16  App. C. The DOT indicates that there are six levels of reasoning development. Id.
17  Level 3 provides that the claimant will be able to "[a]pply commonsense
18  understanding to carry out instructions furnished in written, oral, or diagrammatic
19  form.    Deal with problems involving several concrete variables in or from
20  standardized situations." DOT App. C § III.  The jobs of pari-mutuel ticket checker
21  and telephone quotation clerk both require a Reasoning Level 3.  DOT 219.587-010,
22  237.367-046.

23          While the ALJ did include in his hypothetical question to the vocation expert
24  a limitation that the individual at issue is limited to simple, repetitive tasks (AR 855),
25  the ALJ did not include such a limitation in his ultimate residual functional capacity
26  assessment of plaintiff (AR 21).  In fact, the ALJ found that plaintiff did not suffer
27  from a severe mental impairment which would result in work-related limitations, but
28  rather was only limited by her physical impairments.  (AR 18-21.)  This finding is

7

1   reflected in the ALJ's hypothetical, which involved exclusively physical limitations
2   except for the limitation to simple, repetitive tasks.  (AR 855.)  Accordingly, despite
3   the reference to such a limitation in the hypothetical question, it is clear that the ALJ
4   did not find that plaintiff was limited by a mental impairment to simple, repetitive
5   tasks.

6          To the extent plaintiff argues that the discrepancy between the hypothetical
7   question and the DOT requirements for the jobs at issue undermines the vocational
8   expert's testimony as a whole, the claim fails for similar reasons.  Again, the ALJ
9   ultimately did not conclude that plaintiff was limited to simple, repetitive tasks.  (AR
10  21.)  Moreover, the vocational expert's testimony was consistent with the ALJ's final
11  residual functional capacity assessment of plaintiff in all other respects.  Crucially,
12  plaintiff's implicit challenge to the ALJ's residual functional capacity assessment
13  through her challenge to the ALJ's rejection of Dr. Pasuhuk's opinion is rejected by
14  this Court herein.

15         Because the ALJ did not conclude that plaintiff was limited to simple, repetitive
16  tasks, he did not err in finding plaintiff capable of performing alternative work as a
17  pari-mutuel ticket checker or a telephone quotation clerk, or in relying on the
18  vocational experts testimony in this regard.  See Johnson v. Shalala, 60 F.3d 1428,
19  1435-36, n.9 (9th Cir. 1995) (ALJ may rely on expert testimony which contradicts the
20  DOT where the record contains persuasive evidence to support the deviation and an
21  ALJ's "overinclusion of debilitating factors" in a hypothetical may be harmless);
22  Light, 119 F.3d 789, 793 (9th Cir. 1997) (evidence sufficient to permit deviation from
23  DOT includes "specific findings of fact regarding the claimant's residual
24  functionality").

25  / / /
26  / / /
27  / / /
28  / / /

**ORDER**

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY
ORDERED that Judgment be entered affirming the decision of the Commissioner of
Social Security.

DATED: March 4, 2010

_____

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE